IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03686-GPG

CARINA M. GONZALEZ,

      Plaintiff,

v.

ENGLEWOOD LOCK AND SAFE,
TOM GALLEGOS (owner),
SHEILA GALLEGOS (owner),

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT

---

Plaintiff Carina M. Gonzalez is a resident of Denver, Colorado.   On February 10, 2021, she filed *pro se* an Employment Discrimination Complaint (ECF No. 7) which is the operative pleading in this action.   Plaintiff has been granted leave to proceed *in forma pauperis*.   (ECF No. 11).

The Court must construe the Employment Discrimination Complaint liberally because Plaintiff is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, Plaintiff is directed to file an Amended Employment Discrimination Complaint.

1

## I.      The Employment Discrimination Complaint

Plaintiff alleges that she was hired by Defendant Englewood Lock and Safe as a locksmith October 2017.   (ECF No. 7 at 6).   She alleges that she was forced to resign in December 2018 due to a hostile work environment.   Plaintiff alleges discrimination in violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.*, involving hostile work environment, retaliation, failure to promote, and different terms and conditions of employment based on her gender and national origin.   (*Id.* at 2-5).   She requests monetary damages and unspecified injunctive relief.   (*Id.* at 12).

## II.      Defendants

Plaintiff has named as defendants Englewood Lock and Safe as well as two individuals.   Plaintiff is advised that the only proper defendant in an action under Title VII is her employer or former employer.   *See Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir.1996) (Title VII creates a private right of action against employers who allegedly performed unlawful employment practices).   Individual capacity claims are not cognizable under Title VII, and official capacity claims against supervisor employees are superfluous where the employer is subject to suit.   *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("Under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."); *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (unpublished) (while "supervisors may be named in their official capacity and/or as alter egos of the employer ... as a means to sue the employer ...[,] this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name.").

2

### III.    Rule 8

The twin purposes of a complaint are to give the opposing parties fair notice of
the basis for the claims against  them so that they may respond and to allow the Court
to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.
*See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of
Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8
are designed to meet these purposes.   *See TV Communications Network, Inc. v.
ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir.
1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and
plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain
statement of the claim showing that the pleader is entitled to relief; and (3) a demand for
the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which
provides that "[e]ach allegation must be simple, concise, and direct."

Rather than concisely stating the relevant supporting facts under each claim,
Plaintiff's pleading attaches a lengthy narrative referring to numerous events, some of
which appear unrelated or at best tangential to her claims, without identifying which
allegations pertain to which claims.   In her amended pleading, Plaintiff must provide a
short and plain statement of her claims showing she is entitled to relief.   She should
clearly and concisely state what the defendant did to violate her rights under each claim.
*See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (to
state a claim in federal court, "a complaint must explain what each defendant did to him
or her; when the defendant did it; how the defendant's action harmed him or her; and,

3

what specific legal right the plaintiff believes the defendant violated").   The general rule

that *pro se* pleadings must be construed liberally has limits and "the court cannot take

on the responsibility of serving as the litigant's attorney in constructing arguments and

searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

### IV.    Title VII

In order to assert a claim under Title VII, Plaintiff must allege specific facts that

demonstrate she was discriminated against in the terms or conditions of her

employment on the basis of race, color, religion, sex, or national origin.   *See* 42 U.S.C.

§ 2000e-2(a)(1).   Additionally, Title VII prohibits employers from retaliating against

employees for engaging in protected activity. *See* 42 U.S.C. § 2000e-3(a) ("it shall be

an unlawful employment practice for an employer to discriminate against any of his [or

her] employees . . . because he [or she] has opposed any practice made an unlawful

employment practice by this subchapter . . . .").

Plaintiff has failed to clearly state the basis for her national origin discrimination

claim.   To the extent that Plaintiff is alleging that she was discriminated against

because she is from Texas (*see* ECF No. 7 at 6-7), she is advised that discrimination

based on state origin (as opposed to national origin) is not a basis for liability under Title

VII.   *See* 42 U.S.C. § 2000e-2(a)(1); *Espinoza v. Farah Mfg. Co.* 414 U.S. 86, 88

(1973) (for purposes of Title VII, "[t]he term 'national origin' on its face refers to the

country where a person was born, or, more broadly, the country from which his or her

ancestors came.").   Plaintiff must plead facts sufficient to support a Title VII claim of

4

national origin discrimination if she wishes to pursue such a claim in this action.

Plaintiff also has failed to clearly state the basis for her retaliation claim.   To state a prima facie claim of unlawful retaliation, Plaintiff must allege facts to demonstrate that (1) she was engaged in a protected employee action; (2) the employer took an adverse action either after or contemporaneous with her protected action; and (3) a causal connection existed between Plaintiff's action and the employer' s adverse action.   *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1267 (10th Cir. 2005). Plaintiff must adequately and clearly plead facts sufficient to support a Title VII retaliation claim if she wishes to pursue such a claim in this action.

For these reasons, Plaintiff will be ordered to file an Amended Employment Discrimination Complaint.   If typed, Plaintiff's amended pleading must be double spaced, and use not less than 12 point font.   *See* D.C.COLO.L CivR 10.1(c), (d), & (e). The pleading shall not exceed thirty pages.   If Plaintiff fails within the time allowed to file an Amended Employment Discrimination Complaint that complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, this case will be dismissed without prejudice.   However, Plaintiff is warned that, even if this case is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing expires.   *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).   Pursuant to 42 U.S.C. § 2000e-5(f)(1), a claimant has ninety days to file a civil action after receiving a notice of right to sue from the EEOC.

The Court once again informs Plaintiff that she may choose to contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic

for possible assistance in this matter.

Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty (30) days of the date of this order**, an Amended Employment Discrimination Complaint on the court-approved Employment Discrimination Complaint form that complies with the directives in this order.   The form and instructions are available at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Employment Discrimination Complaint within the time allowed, the Court may dismiss this action in whole or in part without further notice.

DATED February 25, 2021

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge