FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

2021 MAR 26  PM 2: 28

JEFFREY P. COLWELL
CLERK

Civil Action No.    20-cv-03686-GPG                                    BY_____DEP. CLK
(To be supplied by the court)

Carina M. Gonzalez                                          , Plaintiff

v.

Englewood Lock and Safe, Inc.                               ,

_____ ,

_____ ,

_____ , Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**EMPLOYMENT DISCRIMINATION COMPLAINT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Carina M. Gonzalez   PO Box 1073   Denver, CO 80201
(Name and complete mailing address)

Unlisted for privacy concerns
(Telephone number and e-mail address)

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Englewood Lock and Safe, Inc. 4310 S. Broadway   Englewood, CO 80113
(Name and complete mailing address)

303-789-2568     tom.gallegos@englewoodlock.com
(Telephone number and e-mail address if known)

Defendant 2:   
(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check all that apply)*

__X__   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (employment discrimination on the basis of race, color, religion, sex, or national origin)

_____   Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, et seq. (employment discrimination on the basis of a disability)

_____   Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, et seq. (employment discrimination on the basis of age)

_____   Other: *(please specify)* _____

2

### D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action and the specific facts that support each claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:  __Sex discrimination__

The conduct complained of in this claim involves the following: (*check all that apply*)

____ failure to hire                          __X__ different terms and conditions of employment

____ failure to promote                   ____ failure to accommodate disability

____ termination of employment       ____ retaliation

__X__ other: (*please specify*) ____constructed discharge__

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

____ race              ____ religion              ____ national origin              ____ age

____ color            __X__ sex                  ____ disability

Supporting facts:

Throughout my entire employment, I was subject to sex-based discrimination to compensation, terms, conditions, and privileges of employment despite my capabilities.

Includes all allegations.

Please see attached statement of claims.

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

D. Statement of Claims - Claim One: Sex Discrimination

I was a woman locksmith and only female field technician during my employment with Englewood Lock and Safe Inc. from October 2017 to December 2018. Throughout my entire employment, I was subject to discrimination to compensation, terms, conditions, and privileges of employment due to my sex despite my capabilities.

I was intentionally underpaid at the time of hiring in relation to male co-workers with similar experience in an effort to discourage my employment, the only field technician who was told I was unable to take my lunch break and if I did there would be consequences of withholding future education and training opportunities, the only field technician intentionally excluded from the 24 hour overtime rotation program specifically due to my gender, excluded from the monthly bonus and sales quota program, given lowest paid service calls in order to distribute higher profit service calls and boost the sales quotas for the male field technicians, and did not receive a percentage of hardware sales sold in store and was often assigned as the field technician to install so that the Broadway Store Manager (Mike Stevens) could receive the sales percentage contrary to the male field technicians.

I applied for a field technician position and during my interview, Tom Gallegos, Englewood Lock and Safe Inc. owner, insisted that I instead apply for their dispatcher position. I respectfully declined and stated that I was applying for the field technician position and was clear and concise about my career path as a field technician. Throughout my entire employment, I was told

1

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

from staff and supervisors that I was expected to leave my role as a field technician to replace female Store Manager of the Yosemite location, Tece Deschain. I expressed very clearly that I never applied or voiced and interest in the role of becoming a shop technician, that I was not interested in becoming a Store Manager, and they continued to stress my sex as a determinant of the position I should hold within the company and discriminate my capable employment as a woman field technician.

Both opposite-sex and same-sex sexual harassment endured on a daily basis under Title VII because of my sex as a female field technician through comments, verbal attacks, passive and directly aggressive behavior, undermining and discrediting comments to new coworkers to continuously rally against me targeting my gender, personal appearance, former state of principle residence, etc. Harassment by form of pejorative name calling by same-sex and opposite sex towards me was endured on a daily basis. Select supervisors and employees (John Haas, Mike Stevens, Tece Deschain, Steve Wickhorst, and Steve Ingbretson) refused to call me by name and instead would condescendingly address me as "missy prissy", "c'mon girl", "girly girl", "weird Texan", "because you're a woman", "you're a woman so...", and more.

John Haas, Key Systems and Operations Manager (hiring and firing manager in charge behind Sheila and Tom Gallegos), consistently expressed his sex-based harassment, sex-based hostility, and sex-discrimination towards me as a female field technician by stating "If you make it out into the field in under a year, you would be a better man than me." He was insistent on retaining me as a shop technician with sex-based prejudice towards women as locksmiths and field

2

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

technicians. John Haas insisted that I needed more training, constantly discredited my successes, sabotaged my van equipment to discredit my capabilities, and withheld promotional and advancement opportunities by under false reports to Sheila and Tom Gallegos. Josh Ragan, Broadway Assistant Store Manager, agreed and confirmed to me that John Haas treats me differently, unfairly, and with prejudice based on sex.

Sex discrimination towards me as a female field technician was consistent from John Haas, Operations Manager, and Tece Deschain, Yosemite Store Manager, who refused to endorse my rotation into the on-call 24-hour overtime program based on my sex by insisting it was "too dangerous for a woman" even though I proved I was fully willing and capable. Sheila Gallegos insisted only scheduling me for two residential rekey service jobs per day as a full-time 45-hour workweek female field technician until I respectfully insisted on more service call schedules as all field technicians are expected to complete 5-6 service calls on average per work day.

Steve Wickhorst, Senior Field Technician, reported sex-based hostility and sex-based discrimination he witnessed towards me from co-worker Chris Kravitz after discussing Chris's behavior to his wife, Vickie Wickhorst, National Director of Medicare Sales for Kaiser Permanente, to Sheila Gallegos who ignored the complaint. Chris Kravitz, Field Technician, was fired for attempting inappropriate and unwelcome sexual advances towards two young female customers during and after a residential service call and only then did Sheila admit to staff in the Broadway store workbench area that he "he should have been fired a long time ago",

3

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

acknowledging that she knew of his sex-based hostility and sex-based discrimination towards me as a female field technician.

Julie McCarthy, Purchasing Manager, was consistently encouraged by Mike Stevens to enact same-sex harassment towards me as a female field technician. She was encouraged to make sex-based harassing comments such as questioning my capability to drive a work van due to my sex, discrediting my capabilities as a female field technician, discarding my personal items, suggesting sex-based employment as a shop technician, etc. Tom Gallegos mentioned in my annual review that Julie was singled out and reprimanded to adjust her tone, message, and communication delivery but this was only because she is a female employee, her behavior was also directed towards the male employees, and she often confided in Senior Field Technician Steve Wickhorst that she also experienced sex-based discrimination but was afraid to report with fear of retaliation and disbelief--however all hostility towards me from the male and female employees was allowed without consequence because of my sex.

Sheila Gallegos decided to outfit all field technicians with a logoed men's jacket and overcoat and we had to try on and order through Debbie Forster. Debbie Forster used this as another opportunity to discriminate, sexually harass, and promote a sex-based hostile work environment by stating in front of another field technician, Jeremy Shaddick, that I was endowed differently than the other techs to which he embarrassingly excused himself from the meeting. Debbie Forster was also prejudiced against women in trades and enacted same-sex harassment against me on a frequent basis due to my position as a female field technician. She consistently

4

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

suggested I transfer positions based on my sex by stating that I should be working in the shop

instead of in the field, "the Broadway store needs a girl at the counter", "you are so good at

paperwork, you should be in the store instead", etc.

CLAIM TWO:   __Hostile work environment_____

The conduct complained of in this claim involves the following: (*check all that apply*)

    ____ failure to hire             __X__ different terms and conditions of employment

    ____ failure to promote        ____ failure to accommodate disability

     __X__ termination of employment    __X__ retaliation

    ____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    ____ race          ____ religion        ____ national origin        ____ age

    ____ color        __X__ sex        ____ disability

Supporting facts:

A constant sex-based hostile environment and sex-based harassment was condoned, encouraged, and targeted against me by supervisors and employees based on sex-discrimination.

Includes all allegations.

Please see attached statement of claims.

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

D. Statement of Claims - Claim Two: Hostile Work Environment

A constant sexually hostile work environment existed due to my sex as a female field technician and locksmith by way of unwelcome harassment specifically based on sex, and the pervasive severity of the harassment I experienced altered the terms, conditions, and privileges of my employment and created an abusive working environment.

Co-owner, Sheila Gallegos, was very vocal about her sex discrimination in such sex-specific and derogatory terms by telling me to my face and in my absence that "This is a man's job." and initiating single and group conversations about rape, making it clear that she was motivated by general hostility to the presence of women in trades related workplaces. Sheila Gallegos promoted, encouraged, and orchestrated severe and pervasive harassment based on sex through my coworkers by condoning and excusing such behavior against me (employees: Chris Kravitz, Mike Stevens, Tece Deschain, John Haas, Julie McCarthy, Steve Wickhorst, Maggi Landry, and Debbie Forster) and reprimanding employees who treated me objectively by way of disciplinary action, termination, isolation, exclusion, etc. (employees: Rita Pattee, Steve Ingbretson, and Kodi Wade). Tom Gallegos proved that he was aware of sex discrimination, hostile work environment based on sex, retaliation based on sex, and allowed it to continue by specifically asking me about Sheila Gallegos during my annual review. I told him we do not have an HR department so I am unsure of who I can speak to considering he and Sheila are married owners of the company. Tom specifically said "This is your HR moment" but I remained silent in fear and was too afraid to voice my concerns due to known retaliation, co-workers reporting a hostile work environment based on gender on my behalf which was dismissed by both Sheila and Tom Gallegos. Tom

1

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

Gallegos expressed his conflict between my proven capabilities as a female field technician and his wife's oppressive opinions of women in trades by specifically stating my employment within the company "put him between a rock" with him receiving consistent retaliatory objections due to co-ownership of Englewood Lock and Safe Inc. as a husband and wife partnership.

Tece Deschain, Yosemite Store Manager, was a homosexual woman in a long-term same sex marriage who consistently used explicit or implicit proposals of sexual activity based on sexual desire while training me at her location. Tece Deschain used her position as a supervisor and trainer as leverage to abusively attempt to groom me by unwanted compliments in a sexually uncomfortable and derogatory nature (consistently telling me how hot and pretty I was), gift giving, frequently discussing graphic sexual topics such as male ejaculation, pornography, partner swinging (uncomfortably introducing her wife to me), nipple piercings, touching me inappropriately by spanking my rear with a small cardboard container, and suggestive manipulative threats of disbelief if I ever complained or voiced my harassment to the owners of the company and threatened job security.

Mike Stevens, Broadway Store Manager, perpetuated and promoted a sexually hostile work environment by intentionally, aggressively and uncomfortably stare at my body, most frequently my genitalia, chest, and rear to intimidate me and would make sexually offensive and degrading remarks such as "men only marry because women place a bounty on 'it' (female genitalia)." I was forced to stop carrying pens in my work shirt pocket after Mike Stevens and Steve Ingbretson, Senior Field Technician, used my work shirt pens as an excuse to graze my breast instead of reaching for a readily available pen in front of them on the counter. Tece Deschain

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

directly reported the consistent targeted hostile work environment enforced by Mike Stevens and John Haas based on sex discrimination throughout my employment to Tom Gallegos, in part to disguise her same-sex harassment, same-sex hostility, and same-sex discrimination against me. Tom Gallegos ignored her complaint and asked if that was the case then why haven't I said anything on my own accord; Tece Deschain told him it was because I wanted to be trained so badly that I am afraid to say anything, which she also used to her advantage in administering explicit or implicit proposals of sexual activity knowing her activity would be without reprimand. Tom Gallegos ignored and dismissed her complaint, and never discussed it with me.

A majority of staff collectively harassed, mocked and belittled my use of cosmetics, nail polish, jewelry, clothing, because of my sex as a female field technician but female staff who worked in store were not subject to the same harassment in the group attempt to transfer my position from a field technician to what they specifically degraded as a "shop girl". All male employees were allowed to wear jewelry without objection but it was a source of sex-based discrimination towards me as a female field technician and several male employees would discredit my capabilities by falsely stating I would be incapable of performing simple tasks because of my nail polish and professionally trimmed nail length, which in fact never impacted my locksmith capabilities. I was consistently mocked by John Haas, Steve Wickhorst, Sheila Gallegos, Mike Stevens, and Tece Deschain for wearing a navy overcoat during the winter months as a part of my work uniform by them saying it looked like a dress. Tece Deschain went so far as to give me her used leather jacket to force me to appear more masculine and constantly complained to Tom about me wearing a knee length skirt when working in the shop, to which Tom assured her that my skirt was appropriate.

Carina Gonzalez vs. Englewood Lock and Safe Inc.
20-cv-03686-GPG

Steve Wickhorst, Senior Field Technician, enacted sex-based hostility and sex-based

discrimination on a consistent basis by method of humiliation and verbal abuse. Steve is a native

Coloradoan and used my recent transfer from my home state of Texas as a method of sex-based

hostility and sex-based harassment to isolate me as a female field technician. Steve screamed in

my face "Fuck you, go home tourist!" in front of two coworkers (Jeremy Shaddick and Tyler

Pattee) at the receiving bench of the Broadway Store after elaborating while I was in earshot that

"Texans are weird". Demeaning remarks of my regional background were only directed towards

me to promote sex-based harassment and sex-based hostility as we also employed two males

from Texas, shop technician Kirk Engle and field technician Ruben Avila, but did not receive the

same abusive treatment. Steve made a point to discuss my sex during relevant to service call

assignment and competency by insisting certain lower profit service calls (ex: residential rekeys)

could only be performed because of my sex and other more profitable and complex service calls

(safe lockout, commercial) could not be performed properly because of my sex, when I was fully

capable of performing any task that was assigned regardless of sex.

4

CLAIM THREE:  ___Retaliation_____

The conduct complained of in this claim involves the following: (*check all that apply*)

    ____ failure to hire            __X__ different terms and conditions of employment

    ____ failure to promote        ____ failure to accommodate disability

    ____ termination of employment    __X__ retaliation

    ____ other: (*please specify*) _____

Defendant's conduct was discriminatory because it was based on the following: (*check all that apply*)

    ____ race      ____ religion      ____ national origin      ____ age

    ____ color      __X__ sex      ____ disability

Supporting facts:

The company was aware, received complaints, and knew of my sex discrimination, sex-based hostile work environment, and sex-based harassment but when this was brought to their attention they contributed and brought action against me.

Includes all allegations.

Please see attached statement of claims.

5

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

D. Statement of Claims - Claim Three: Retaliation

An established prima facie case of retaliation took place from Englewood Lock and Safe Inc. towards me after I was engaged in protected opposition to discrimination, then adverse employment action was taken against me, and my constructed discharge proves a causal connection between the protected activity and the adverse action.

One of John Haas's roles as an Operations Manager was to routinely service the work vans. My work van had a consistent history of battery issues, key machines that were not calibrated causing my work to delay and precision deficient, and was deliberately ignored after multiple requests until he was forced by Sheila and Tom Gallegos to give it proper attention and service. Due to his negligence, I was stranded twice on separate days during different service calls. John Haas was not concerned and my van was never taken to Elway's for review and I had to repeatedly request simple maintenance such as routine oil changes as we were all expected to track our mileage, even after witnessing immediate turnaround requests fulfilled by male field technicians.

When first becoming a field technician in the summer of 2018, John Haas was in charge of preparing my van with supplies, tools, and calibrated equipment, so I would be immediately prepared to receive and perform service calls. In each locksmith field technician's work van there are two key machines that are essential in performing service calls: one for key cutting by spec and a key duplicator. Both machines were completely off spec which led me to cut

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

inaccurate keys for customers in an effort to discredit my performance as a female field
technician. I asked John Haas several times for his expertise to which he would ignore or falsely
insist that the machines were fine and he already checked them. It was not until I was on team
field jobs where Jim Martin (E-tek Field Technician) and Josh Ragan (Broadway Assistant Store
Manager) told him that my machines were very inaccurate and he needed to calibrate them. He
then begrudgingly took care of them only because the service requests were made from male
employees.

After witnessing the unethical mistreatment contradicting company policy, price gouging, and
exploitative treatment of a new female customer with evident severe mental illness (PTSD,
paranoia, agoraphobia, xenophobia), to which I was the chosen technician by force and ridicule
by my supervisors, I felt I had no choice after 14 months continued sex-based discrimination,
sex-based harassment, and sex-based hostility but to provide a letter of resignation via email to
Tom Gallegos with fear that my safety and ethics as a security technician were forcibly
compromised. After unsuccessfully requesting to speak to him to submit a transfer to the
electronics division where I hoped would have an environment absent of sex-based hostility and
sex-based harassment, and an attempt to continue my career as a field technician with the
company at a different location, I was met with aggressive text messages forcing me to return to
work, the false statement that he did not receive my resignation email although we have
successfully corresponded from the same email addresses in the past, calling me insulting names,
and more. In my resignation email with a letter attached, I requested a time in the near future to

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

return ELS property (work clothing and keys) and retrieve my personal items from my work van. Tom Gallegos dismissed my request, proceeded to charge me over $1,000.00 for rekeying all three of the ELS/E-tek locations (expensive high security Medeco keys) without a chance to retrieve my property; withheld nearly all of my last paycheck with a final direct deposit of $3.00, and continued to harass me by invoice communication with intention to turn a phantom balance to collections until I felt I was forced to seek protection from the EEOC--only then did my invoices come to a halt.

In my resignation letter, I provided a mailing address to receive all resignation documents, (pay stubs, COBRA, W2, etc.) which was ignored and I never received these documents. Chris Kravitz, Field Technician, was fired in the summer of 2018 and Steve Ingbretson, Senior Field Technician, in December of 2018, yet neither male employee was charged for rekeying the buildings. Prior to his termination, Chris Kravitz did not report to work for a couple of days due to miscommunication and prior to his return Tom Gallegos chose to rekey all 3 of the buildings due to his absence--he was allowed to return to work and was not charged with a rekey fee. I believe my last paycheck was wrongfully held in retaliation in an effort to harass me regarding resignation, recoup Chris Kravitz's rekey losses and proven history of sex-based harassment and sex-based hostility towards me, and penalize me as a female field technician who endured sex-based discrimination, sex-based hostility, and sex-based harassment from Sheila Gallegos and select staff. A rekey was not performed for the abrupt termination of Steve Ingbretson shortly before my resignation and I believe the rekey costs were surcharged and assigned to me in full

**Carina Gonzalez vs. Englewood Lock and Safe Inc.**
**20-cv-03686-GPG**

and did not affect Steve Ingbretson at my former employer's convenient effort of sex-based

retaliation towards a female field technician.

**E.    ADMINISTRATIVE PROCEDURES**

Did you file a charge of discrimination against defendant(s) with the Equal Employment
Opportunity Commission or any other federal or state agency? (*check one*)

      __X__ Yes  (***You must attach a copy of the administrative charge to this complaint***) ·

      ___ No

Have you received a notice of right to sue? (*check one*)

      __X__ Yes  (***You must attach a copy of the notice of right to sue to this complaint***)

      ___ No

**F.    REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed
to identify the relief you are requesting, use extra paper to request relief. Please indicate that
additional paper is attached and label the additional pages regarding relief as "F. REQUEST
FOR RELIEF."*
Back pay, front pay, compensatory damages, economic damages, punitive damages, injunctive
relief from retaliation, and interest. I demand a jury.

**G.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this
complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746;
18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an improper
purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) is supported by existing law or by a nonfrivolous argument for extending or modifying
existing law; (3) the factual contentions have evidentiary support or, if specifically so identified,
will likely have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.



  (Plaintiff's signature)

  3/25/2021
  (Date)

(Form Revised December 2017)

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Denver Field Office**

303 East 17th Avenue, Suite 410
Denver, CO  80203
(303) 866-1300
TTY (303) 866-1950
FAX (303) 866-1085
1-800-669-4000

Carina M. Gonzalez
PO Box 1073
Denver, CO 80201


RE:   Carina M. Gonzalez v. ENGLEWOOD LOCK AND SAFE
        EEOC Charge Number: 541-2019-01196

Subject:  Dismissal of Charge

Dear Ms. Gonzalez,

     This is to advise that we have made the determination to dismiss your charge of employment discrimination (EEOC Charge No. 541-2019-01196) against ENGLEWOOD LOCK AND SAFE. Our assessment of the charge included careful consideration of all the information offered by both you and the employer.

     Our review of your charge indicates that it is very unlikely that further investigation will yield sufficient evidence to establish a violation of the laws that we enforce. Accordingly, we decline to take further action on the subject charge. The enclosed **Dismissal and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue this matter by filing a lawsuit within 90 days of receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC.


     We hope that this information is helpful to you.


                                                        Sincerely,

9/25/2020
Date
                                                        Helbis Varangot
                                                        Sr. EEOC Investigator
                                                        (720) 779-3612


Enclosures: Notice of Right to Sue



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Denver Field Office

303 East 17th Avenue, Suite 410
Denver, CO 80203
(303) 866-1300
TTY (303) 866-1950
FAX (303) 866-1085
1-800-669-4000

Carina M. Gonzalez
PO Box 1073
Denver, CO 80201

RE:   Carina M. Gonzalez v. ENGLEWOOD LOCK AND SAFE
       EEOC Charge Number: 541-2019-01196

Subject:  Dismissal of Charge

Dear Ms. Gonzalez,

       This is to advise that we have made the determination to dismiss your charge of employment discrimination (EEOC Charge No. 541-2019-01196) against ENGLEWOOD LOCK AND SAFE. Our assessment of the charge included careful consideration of all the information offered by both you and the employer.

       Our review of your charge indicates that it is very unlikely that further investigation will yield sufficient evidence to establish a violation of the laws that we enforce. Accordingly, we decline to take further action on the subject charge. The enclosed **Dismissal and Notice of Rights** represents a final determination by the U.S. Equal Employment Opportunity Commission (EEOC) and describes your right to pursue this matter by filing a lawsuit within 90 days of receipt of the notice. If you fail to file a lawsuit within the statutory 90-day period, your right to sue in federal court will expire and cannot be restored by the EEOC.

       We hope that this information is helpful to you.

Sincerely,

9/25/2020
Date

Helbis Varangot
Sr. EEOC Investigator
(720) 779-3612

Enclosures: Notice of Right to Sue

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 541-2019-01196 |

RECE... MAY 0 8 2019 EEOC DENVER FIELD OFFICE

| Colorado Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Carina M. Gonzalez | (210) 382-8306 | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| PO Box 1073, Denver, CO 80201 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| ENGLEWOOD LOCK AND SAFE | 15 - 100 | (303) 789-2569 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 4310 S Broadway,  Englewood, CO 80113 | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 10-19-2017 | 12-10-2018 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with the Respondent in October 2017 as an Apprentice Locksmith. I performed well and was quickly placed in the field after seven months. Locksmith is a traditionally male dominated field and I experienced resistance from long term employees (male and female). These employees constantly made comments referencing my gender which made feel Isolated. One supervisor (female) made my work environment uncomfortable by tapping me on the butt with a parts-sleeve and asking me if I watched porn before having sex. My performance remained good and I received a pay raise In December 2018. I quit my job December 10, 2018, in part, because of the hostile work environment. The Respondent charged me approximately $1000.00 claiming it was the cost of rekeying their three locations. Male employees who quit or were fired were not required to pay any rekeying costs.

I believe I have been discriminated against based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| x 4/30/2019                    *Date*                    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

RECEIVED
MAY 08 2019
EEOC DENVER FIELD OFFICE

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 541-2019-01196 |

**Colorado Civil Rights Division** and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Carina M. Gonzalez | (210) 382-8306 | |

| Street Address | City, State and ZIP Code |
|---|---|
| PO Box 1073, Denver, CO 80201 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ENGLEWOOD LOCK AND SAFE | 15 - 100 | (303) 789-2569 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4310 S Broadway,  Englewood, CO 80113 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **10-19-2017**   Latest **12-10-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the Respondent in October 2017 as an Apprentice Locksmith. I performed well and was quickly placed in the field after seven months.  Locksmith is a traditionally male dominated field and I experienced resistance from long term employees (male and female). These employees constantly made comments referencing my gender which made feel isolated.  One supervisor (female) made my work environment uncomfortable by tapping me on the butt with a parts-sleeve and asking me if I watched porn before having sex.  My performance remained good and I received a pay raise in December 2018.  I quit my job December 10, 2018, in part, because of the hostile work environment.  The Respondent charged me approximately $1000.00 claiming it was the cost of rekeying their three locations.  Male employees who quit or were fired were not required to pay any rekeying costs.

I believe I have been discriminated against based on my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 4/30/2019            X _____  Date                    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.